**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SUPERIOR CABLE CORPORATION, Respondent.**

No. 7426.

United States Court of Appeals Fourth Circuit.

Argued June 4, 1957.

Decided July 6, 1957.

Frederick U. Reel, Attorney, National Labor Relations Board, Washington, D. C. (Jerome D. Fenton, General Counsel, Stephen Leonard, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Alice Andrews, Attorney, National Labor Relations Board, Washington, D. C., on brief), for petitioner.

Young M. Smith, Hickory, N. C., for respondent.

**PER CURIAM.**

This is a petition to enforce an order of the National Labor Relations Board, which found Superior Cable Corporation guilty of unfair labor practice in refusing to bargain with a union. There is no question but that a majority of the employees of the corporation voted for the union as their bargaining representative at an election conducted by the Board, or that the Board certified the union as bargaining representative of the employees or that the corporation refused to bargain with it as the representative of the employees. The corporation contends that it was under no obligation to bargain with the union because in the representation proceeding which the union instituted, and in the course of which the election was held, it did not allege in its original petition in accordance with section 9(c) of the National Labor Relations Act, 29 U.S.C.A. § 159(c) (1), that it had requested the corporation to bargain with it and that the corporation had declined to recognize it. It appears, however, that when this point was raised by a motion to dismiss the representation proceeding, the representative of the union then and there requested the corporation to bargain with it, that the corporation refused to consider the request and that the union was permitted to amend its petition to allege this as a demand and refusal of recognition. This was clearly sufficient. Without considering what would have been the power of the Board in the absence of this amendment and the demand and refusal of recognition made at the hearing,[1] we think that it would be senseless technicality to hold that the representation proceeding should have been dismissed and the parties required to initiate a new proceeding, where the demand and refusal of recognition had been established at the hearing itself and the defect in the petition could be cured and was cured by amendment.

Order enforced.

---

1. See, however, Advance Pattern 80 N.L.R.B. 29.